IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

| | | |
|---|---|---|
| **CV Settlement Holdings, LLC** | * | **Bankruptcy Case No. 14-03731** |
| Debtor. | * | |

_____

| | | |
|---|---|---|
| **CV Settlement Holdings, LLC, as Debtor-in-Possession,** | * | |
| Plaintiff, | * | |
| vs. | * | **Adversary Case No.: 15-00029** |
| **Portside Realty, LLC,** | * | |
| Defendant. | * | |

_____

## AMENDED ADVERSARY PROCEEDING COMPLAINT

Comes now, CV Settlement Holdings, LLC, Debtor-in-Possession ("CVSH"), by and though its attorney of record, Marion E. Wynne, Jr. and files this Amended Complaint adding a second cause of action for declaratory relief and alleging as follows:

### JURISDICTION AND VENUE

1. This is an adversary proceeding seeking relief pursuant to Federal Rule Bankruptcy Procedure 7001(2), brought to determine the validity, priority and extent liens against property of the Debtor.

2. Plaintiff is the Debtor-in-Possession and has standing to bring this action pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.

3.  This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §1334(b) and the Order of Reference from the District Court. The subject matter of the Complaint constitutes a "core proceeding" pursuant to 28 U.S.C. §157(b).

4.  Venue is proper in this District pursuant to 28 U.S.C. §1409(a).

## PARTIES

5.  Plaintiff is the Debtor-in-Possession.

6.  Defendant, Portside Realty, LLC, ("Portside") claims to be a creditor and to have a lien on property of CVSH pursuant to a Compensation Agreement recorded October 24, 2014 as Instrument Number 1482944.

## FACTS

7.  CVSH filed a voluntary Chapter Eleven Petition in this Court on November 13, 2014.

8.  On October 8, 2013, Peter F. Burns, as Manager of CV Settlement Holdings, LLC signed a Real Estate Mortgage to Bryant Bank and BC&M. The face of the Mortgage showed CVSH owed Bryant Bank $1,300,000 and BC&M $1,638,430.23.

9.  Portside recorded a Compensation Agreement between itself and Cypress Village Development Co., LLC. CVSH was not a party to this agreement. The recorded Agreement purports to lien property in the name of CVSH. The recorded Compensation Agreement clouds the title of Debtor's property and has prevented Debtor from closing sales. This recorded Agreement affects the marketability of Debtor's property.

## FIRST CAUSE OF ACTION
**Avoidance of the Compensation Agreement to Portside Realty**

**And cancellation of the same as it applies to CVSH and its property.**
*(11 U.S.C. §544 and § 547)*

10.     CVSH incorporates herein by reference each and every allegation of the complaint set forth in paragraphs 1 through 9.

11.     All real estate presently owned by CVSH was transferred to CVSH by Warranty Deed from UCO Construction, L.L.C., J. Marion Uter, Paul M. Uter and Colin D. Uter dated August 6, 2013 and recorded on August 9, 2013 as Instrument Number 1413958 in the records of the Judge of Probate of Baldwin County, Alabama.

12.     The Compensation Agreement between Portside Realty, LLC and Cypress Village Development Co., L.L.C. was entered into between the parties on September 3, 2013 and not recorded until October 24, 2014.

13.     CVSH was not a party to this Agreement.

14.     The property owned by CVSH is not subject to the Agreement because it was not in the name of the contracting parties on the date of the Agreement or on the date the Agreement was recorded.

15.     CVSH as debtor in possession has the status of a hypothetical lien creditor and avoiding powers granted in *11 U.S.C. § 544(a)*.

16.     The recording of the Compensation Agreement was done within 90 days of the filing of the bankruptcy petition to protect an unliquidated, disputed and contingent antecedent debt. It is a preference and if allowed would enable Portside to receive more than it would receive if the document was not recorded.

WHEREFORE, CVSH prays that the Court enter a judgment against Portside Realty, L.L.C. avoiding the Compensation Agreement as it applies the CVSH and its property and declaring that the Compensation Agreement is void and of no effect as to CVSH and its property. CVSH further requests the Court grant it the costs of this suit and attorney fees, expert witness fees and expenses.

## SECOND CAUSE OF ACTION
### Declaratory Judgment

17. CVSH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 16 herein above set forth.

18. A justiciable controversy exists between the parties as to the parties' respective rights, duties and liabilities by virtue of the alleged Compensation Agreement which is the subject matter of this action.

19. Portside avers the alleged Compensation Agreement constitutes a valid and enforceable lien on CVSH's property and creates a valid debt of CVSH.

20. CVSH asserts that the Compensation Agreement is not a valid lien on CVSH property and that the document should be vacated and cancelled because it was not lawfully executed as required by statute, CVSH is not a party to the alleged agreement, and the CVSH property was not in the name of the parties executing the agreement at the time of the alleged execution. Further, CVSH avers the document is at most an executory contract that CVSH rejects in its proposed plan.

WHEREFORE, CVSH prays the Court to: (1) declare the rights and liabilities of the parties; and (2) enter such orders, judgments and decrees as may be necessary and

proper to give effect to the rights, duties and liabilities of the parties as determined and declared by the Court.

                Respectfully submitted,

                WILKINS, BANKESTER, BILES & WYNNE, P.A.

By:   /s/ Marion E. Wynne, Jr.
       Attorney for CV Settlement Holdings, LLC
       P. O. Box 1367
       Fairhope, AL 36533
       251-928-1915
       twynne@wbbwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bryant Bank
c/o Richard E. Davis
P. O. Box 2925
Daphne, AL 36525

Burns, Cunningham & Mackey, P.C.
P. O. Box 1583
Mobile, AL 36633

Portside Realty, LLC
c/o E.B. Harrison Willis
Cloud & Tidwell, LLC
201 Beacon Parkway West, Suite 400
Birmingham, AL 35209

                /s/ Marion E. Wynne, Jr.
                Marion E. Wynne, Jr.